Mr. Greg Farmer Secretary of Commerce Collins Building 107 Gaines Street Tallahassee, Florida 32399-2000
Dear Secretary Farmer:
You ask whether pursuant to s. 288.063, F.S., the Department of Commerce may approve a transportation project proposed by a municipality when such project crosses the jurisdictional boundaries of another municipality.
In summary, this office has been presented with only limited information regarding the project in question and, therefore, can only generally comment upon this matter. However, in the absence of a general or special law authorizing the exercise of extraterritorial powers, a municipality would appear to be limited to the exercise of such powers within its geographic boundaries.
You state that a municipality has requested funding for the construction of a roadway which crosses the jurisdictional boundary of another municipality which has not joined in the project or the request for funding with the division. While the county would maintain the project once constructed, it is the municipality which seeks funding for the construction of the project pursuant to s. 288.063, F.S. The question has, therefore, been raised as to whether a municipality may request funding for a project, a portion of which is located outside of its geographic boundaries.
Although this office has contacted the department on several occasions, this office has not been presented with any other information regarding the project or the details surrounding the city's request of funds. Accordingly, this office can only offer the following informal advisory comments in an effort to be of assistance.
Section 288.063, F.S., authorizes the Division of Economic Development (division) of the Department of Commerce to make expenditures and enter into contracts for direct costs of transportation with the appropriate governmental body.[1]
"Transportation project" is defined for purposes of s. 288.063, F.S., to mean a transportation facility as defined in s.334.03(27), F.S., which is necessary in the judgment of the Division of Economic Development to facilitate the economic development and growth of the state. Section 334.03(27), F.S., defines "Transportation facility" as:
Any means for the transportation of people and property from place to place that is constructed, operated, or maintained in whole or part from public funds. The term includes the property or property rights, both real and personal, which have been or may be established by public bodies for the transportation of people and property from place to place.
Pursuant to s. 288.063(3), F.S., such projects are to be approved only as "a consideration to attract new employment opportunities to the state or expand or retain employment in existing companies operating within the state."[2] In selecting projects for funding, the division shall consider factors including, but not limited to, the cost per job created or retained considering the amount of transportation funds requested; the average hourly rate of wages for jobs created; the amount of capital investment to be made by the business; the demonstrated local commitment; the location of the project in an enterprise zone approved pursuant to s.290.0055; the location of the project in a community development corporation service area as defined in s. 290.035(2); the unemployment rate of the surrounding area; and the poverty rate of the community.[3] (e.s.)
Section 288.063(4), F.S., in setting forth the factors to be considered, specifically states that such a list is not inclusive. The division would not, therefore, appear to be precluded from determining the capacity of a local governmental unit to enter into an agreement with the division for a particular project.
While s. 2, Art. VIII, State Const., grants municipalities broad home rule powers, the Constitution limits the exercise of extraterritorial powers by municipalities to that provided by general or special law."[4] Section 166.021(3)(a), F.S., implements this constitutional provision by providing:
The Legislature recognizes that pursuant to the grant of power set forth in s. 2(b), Art. VIII of the State Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except:
(a) The subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2 , Art. VIII of the State Constitution. . . .
Generally, therefore, the powers of a municipal corporation cease at the municipal boundary and cannot, absent a plain manifestation of legislative intent, be exercised beyond the municipality's limits.[5] While municipalities possess the authority to construct and maintain public roads within their municipal boundaries,[6]
you have not advised this office of any legal authority under which a municipality may exercise governmental or sovereign powers beyond its municipal boundaries and within another municipality.[7] In the absence of such legislative authorization, it appears that a municipality would be precluded from exercising extra-territorial powers within another municipality.
Sincerely,
Robert A. Butterworth Attorney General
RAB/trh
[1] Section 288.063(1), F.S. And see, s. 288.063(2), F.S., specifying certain requirements for any contract with a governmental body for the construction of any transportation project executed by the division.
[2] The statute recognizes an exception for applications received prior to July 1, 1988.
[3] Section 288.063(4), F.S. Pursuant to s. 288.063(5), F.S., the factors set forth in subsection (4) are to be considered by a committee composed of the Secretary of Commerce, the Secretary of Transportation, the Secretary of Community Affairs, the Secretary of Labor and Employment Security, the Secretary of Environmental Regulation, the chairman of the Economic Development Advisory Council, and the chairman of the Small and Minority Business Advisory Council or their designees. Section 288.063(6), F.S., provides that no project that has not been specified and identified by the division in accordance with s. 288.063(4) and (5), F.S., prior to the initiation of construction shall be eligible for funding after December 1, 1981. This office, however, has no authority to comment upon the responsibilities of the committee except at the request of a majority of its members. See, Statement Concerning Attorney General Opinions, 1991 Annual Report of the Attorney General, p. ix.
[4] See, s. 2 , Art. VIII, State Const. 
[5] See generally, 62 C.J.S. Municipal Corporations s. 141.
[6] See generally, s. 167.09, F.S. 1971, authorizing a city to grade, pave, and improve such streets and highways as are necessary and expedient for the public health and interest, and s.166.042(1), F.S., providing that the powers contained in former Ch. 167 may continue to be exercised by municipalities. And see, s. 170.01(1), F.S., providing an alternative method for making street improvements.
[7] Cf., s. 180.02(2), F.S., which authorizes municipalities to exercise certain corporate powers outside of its boundaries provided, however, such powers do not extend or apply within the corporate limits of another municipality.